**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**DR. PAT MCPHERRON,
a/k/a Patrick Scott McPherron,**

          **Petitioner,**

      **v.**             **9:16-CV-1010
                           (FJS)**

**STATE OF NEW YORK,**

          **Respondent.**

---

**APPEARANCES**               **OF COUNSEL**

**DR. PAT MCPHERRON,
a/k/a Patrick Scott McPherron,**
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901
Petitioner *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Petitioner Dr. Pat McPherron, also known as Patrick Scott McPherron, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1, Petition. He is confined at the Clinton County Jail and did not pay the required filing fee ($5.00) or submit a certified application to proceed *in forma pauperis* ("IFP").[1]

---

[1] To commence a habeas corpus action, a petitioner must pay the court's filing fee ($5.00) or submit an IFP Application that is certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in the petitioner's name at his or her facility. *See* Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") (requiring petitioners who file *in forma pauperis* applications to include a "certificate from the warden or other appropriate

(continued...)

## II. THE PETITION

Petitioner does not appear to be challenging a New York State conviction. *See, generally,* Petition Instead, he claims that he is challenging the legality of his detention in the Clinton County Jail and is attempting to block his extradition from New York to Pennsylvania. *See id.* at 1, 3.[2]

Petitioner explains that between February 8 and 10, 2009, while he was in Connecticut, he accessed emails stored in states other than Pennsylvania. *See id.* at 3. He claims that officials in Chester County, Pennsylvania, lacked "personal jurisdiction" over him but nonetheless convicted him of "unauthorized access of email account during Feb. 8-10, 2009." *See id.* at 1. He further states that he was convicted, without evidence or a chance to defend against the charges, of one count of harassment "for each access," and Pennsylvania authorities are attempting to extradite him as a "fugitive from justice." *See id.* at 1-2. Petitioner appears to argue that judges in Pennsylvania lacked "Article III Jurisdiction" over his conduct because the accessed emails were not stored in Pennsylvania. *See id.* at 2. He claims that a "Clinton County Judge and attorney" are "dragging their heels," and the attorney was "supposed to fight extradition" at the "Governor's Office" but has not done so. *See id.* For a complete statement of Petitioner's claims, reference is made to the petition.

---

[1](...continued)
officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."); *see* Rule 9(b), Habeas Rules (stating that the Habeas Rules may be applied "to a habeas petition not covered by Rule 9(a)"). The Court, however, will not dismiss this action solely on the ground that Petitioner failed to comply with the filing fee requirements. Courts are to construe *pro se* papers liberally; but, "if it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4, Habeas Rules. For the reasons set forth in this Memorandum-Decision and Order, the Court finds that this action would be subject to dismissal regardless of whether Petitioner had complied with the filing fee requirements.

[2] The cited page numbers refer to those that the Court's electronic filing system ("ECF") generated.

**III. DISCUSSION**

Petitioner filed this action pursuant to 28 U.S.C. § 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, Petitioner does not appear to be in custody pursuant to a judgment of a state court, and he is not challenging a New York State judgment of conviction.[3] Instead, he claims that he is in custody awaiting the outcome of extradition proceedings and that he is attempting to block those proceedings. *See, generally,* Petition

Based on Petitioner's claims, this action may be more properly brought pursuant to 28 U.S.C. § 2241(c)(3), which provides that a district court has the power to issue a writ of habeas corpus for a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). Prisoners have used section 2241 to challenge extradition from one state to another. *See Edwards v. Bowles*, No. 3:03-CV-2624, 2004 WL 308036, *1, *6 (N.D. Tex. Feb. 18, 2004), *adopted* 2004 WL 741290 (N.D. Tex. Mar. 16, 2004); *Stewart v. People of State of New York*, No. 9:08-CV-1127, Dkt. No. 3, Decision and Order, at 3-4 (N.D.N.Y. Nov. 7, 2008) (citations omitted).

Under either statute, however, a petitioner seeking relief from state-court detention is required to exhaust state remedies. Section 2254 explicitly states that an application for a writ of habeas corpus

---

[3] To the extent Petitioner may be attempting to challenge the validity of his Pennsylvania conviction, he may not do so in this Court. Petitioner already challenged his conviction by filing a petition for a writ of habeas corpus in the Eastern District of Pennsylvania. *See McPherron v. Hogan*, No. 2:15-CV-5379, Dkt. No. 1, Petition. On May 2, 2016, Magistrate Judge Thomas J. Rueter recommended that the district court deny the petition and dismiss it either as time-barred or, in the alternative, because the claims were procedurally defaulted. *See id.* at Dkt. No. 14, Rep.-Rec. To date, it does not appear that the District Court has acted on the Report-Recommendation. Petitioner should direct any claims related to the underlying conviction to the Eastern District of Pennsylvania.

may not be granted until a prisoner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

Although petitions filed under 28 U.S.C. § 2241(c)(3) are not subject to a statutory exhaustion requirement, federal courts may require, as a matter of comity, that petitioners seeking relief pursuant to § 2241 exhaust all avenues of state relief before seeking a federal writ. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489-90 (1973) (challenging pre-trial detention); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (same); *Whelan v. Noelle*, 966 F. Supp. 992, 997-98 (D. Or. 1997) (challenging extradition); *Stewart*, No. 9:08-CV-1127, Dkt. No. 3 at 3-4 (challenging extradition).

To exhaust state remedies properly, a petitioner must "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

The Uniform Criminal Extradition Act ("UCEA") governs extradition in New York. *See* N.Y. Crim. Proc. Law ("CPL") §§ 570.02 *et seq*. The UCEA contains a provision allowing individuals to challenge the legality of extradition proceedings brought against them by means of a New York State habeas corpus petition filed pursuant to Article 70 of the Civil Practice Law and Rules. *See id.* at § 570.24; Practice Commentaries, Preiser, P.

Petitioner admits that he has not exhausted his claims but asserts that, if he is extradited before he does so, the "case becomes moot." *See* Petition at 2. He also asserts that a Clinton County Judge and an attorney are "dragging their heels," that the attorney was "supposed to fight extradition" at the governor's office but has not done so, and that "everyone says [the] governor 'rubber-stamps' extradition" unless an attorney "files." *See id.*. However, Petitioner states he was only very recently

taken into custody on either July 20 or 21, 2016. *See id.*

Although Petitioner claims there are no "timely and constitutional remedies" available to him, that is not the case. As noted, Petitioner may challenge his extradition in the New York courts in accordance with CPL § 570.24. *See People ex rel. Blake v. Pataki*, 99 A.D.3d 956 (2d Dep't 2012) (in which the petitioner sought a New York State writ of habeas corpus to vacate an extradition warrant to South Carolina), *lv. dismissed* 20 N.Y.3d 994 (2013); *People ex. rel. Focarile ex. rel. McNeil v. Goord*, 12 Misc. 3d 981 (N.Y. Sup. Ct. 2006) (in which inmate challenged extradition to Virginia in state habeas corpus petition). Since Petitioner has state-court remedies available to him, there is no basis to conclude that there is an "absence of available State corrective process" and/or that circumstances exist that render that state corrective process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *see also Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

Based on the foregoing, the Court finds that Petitioner has not met the exhaustion requirement. *See Strickland v. Wilson*, 399 F. App'x 391, 396 (10th Cir. 2010) (noting that district court would have been required to dismiss petitioner's challenge to extradition proceedings because the petitioner had not exhausted those claims); *Brown v. Barry*, No. L-12-1159, 2012 WL 1476081, *1 (D. Md. Apr. 26, 2012) (stating that "[t]o the extent that Petitioner may be complaining about his March 20, 2012 extradition arrest warrant, there is no record that Brown has exhausted his grounds before the Maryland courts. Any 28 U.S.C. § 2241 challenge to extradition proceedings is subject to exhaustion requirements."); *Stewart,* No. 9:08-CV-1127, Dkt. No. 3 at 5-7 (explaining that petitioner's challenge to extradition to Pennsylvania was unexhausted and dismissing the petition without prejudice to petitioner filing an amended petition stating the reasons he should be excused from the exhaustion requirement or filing an amended petition after he had exhausted his state-court remedies); *Martin v. Warden, VCBC*, No. 01 Civ. 0677, 2001 WL 170794, *1 (S.D.N.Y. Feb. 22, 2001) (stating that "[t]he Court has serious

concerns whether it has jurisdiction of the Petition. In each of the Petition's eight causes of action, Petitioner has failed to demonstrate that he has presented the allegations concerning extradition proceedings to all appropriate state court levels of review.").

## IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that IFP status is **GRANTED** for the limited purpose of filing the petition; and the Court further

**ORDERS** that the petition, *see* Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state-court remedies. Once Petitioner has fully exhausted his claims by raising them in the highest state court capable of reviewing them, he may refile his petition. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") (stating that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner");[4] *Diguglielmo v. Senkowski*, 42 F. App'x 492 (2d Cir. 2002); *Stewart,* No. 9:08-CV-1127, Dkt. No. 3, Decision and Order, at 5-7. The Court makes no determination regarding the merits of any of the claims Petitioner raised in the petition; and the Court further

**ORDERS** that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and the Court further

---

[4] *See* Rule 1(b), Habeas Rules.

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of
(continued...)

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 22, 2016
       Syracuse, New York

                                         Frederick J. Scullin, Jr.
                                         Senior United States District Judge

---

[5](...continued)
appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).